Estate of John J. Carle, deceased, by Robert W. Carle, Susan C. Edwards and Edward H. Carle, as executors of the will of John J. Carle, deceased v. Commissioner.
Estate of Carle v. Commissioner
Docket No. 1660.
United States Tax Court
1944 Tax Ct. Memo LEXIS 214; 3 T.C.M. (CCH) 540; T.C.M. (RIA) 44196; June 7, 1944
*214 William Harrison, Esq., and William Imhof, Esq., 43 Cedar St., New York, N. Y., for the petitioners. Clay C. Holmes, Esq., for the respondent. DISNEY
Memorandum Opinion DISNEY, Judge: This case involves estate tax, a deficiency having been determined in the amount of $82,586.29, and the petitioners contending for an overpayment of $33,147.66. The only question here presented is whether the Commissioner erred in including in decedent's gross estate $240,076.46 as the value of a gift by inter vivos trust by the decedent as a transfer intended to take effect in possession or enjoyment at or after his death, within the intendment of section 811 (c) of the Internal Revenue Code. [1]
*215 All facts have been stipulated. We adopt the stipulation by reference and find as facts those set forth therein. Such as are pertinent to the only question here presented may be stated as follows: [The Facts] The decedent, John J. Carle, in 1932 executed an instrument conveying to his two sons as trustees assets of the value of $369,157.50, which they were to hold in trust, to pay the net income to the decedent's daughter, Susan Carle Edwards, and upon her death "* * * to divide the principal of said trust fund into as many equal shares as there shall be children of said Susan Carle Edwards her surviving and children of said Susan Carle Edwards who may have died before her leaving lawful issue her surviving, and to set apart one of said shares for the benefit of each child of said Susan Carle Edwards who shall survive her and one of said shares for the benefit of the lawful issue, taken collectively, of each child of said Susan Carle Edwards who may die before said Susan Carle Edwards leaving lawful issue her surviving; and "(a) As to each of said shares so set apart for the benefit of the lawful issue of a deceased child of said Susan Carle Edwards, thereupon to pay over *216 the same to such lawful issue of such child, in equal shares per stirpes and not per capita; "(b) As to each of said shares so set apart for the benefit of a child of said Susan Carle Edwards who survives her but who was not in being at the date of this agreement, thereupon to pay and deliver the same to such child; "(c) As to each of said shares so set apart for the benefit of a child of said Susan Carle Edwards who survives her and who was living at the date of this agreement, to hold the said share upon the trusts hereinabove set forth and to pay or apply the net income therefrom to or for the use of the child for whom such share is held during his or her life and upon the death of such child to pay and deliver the principal of such child's share to his or her lawful issue him or her surviving in equal shares per stirpes, or, in default of such issue then surviving, to the issue then living of said Susan Carle Edwards in equal shares per stirpes." At the time of the execution of the instrument, the daughter was a widow, with ten living children, born at various dates between February 2, 1907, and May 20, 1924. All of such children are stipulated to be still *217 living, and three of them have issue, nine in number altogether, and of whom three were born prior to date of decedent's death. The decedent died January 6, 1939. The value of the trust corpus was $389,843.82 at the date of his death, and on January 6, 1940, the optional valuation date which the executors of decedent's will elected to use, was $400,291.14. On the same date the value of all interests after the life interest of Susan Carle Edwards was $240,076.46. That amount was by the respondent included in petitioner's estate as the value of a transfer intended to take effect in possession or enjoyment at or after decedent's death, under the provisions of section 302 (c) of the Revenue Act of 1926, as amended. The trust instrument contains no provision for any reverter to the decedent or his estate. Respondent recognizing this, says: In the instant case, since there was no provision in the trust instrument covering the disposition of the property in the event the grantor survived his daughter and her issue, in such case the corpus would revert to the grantor by operation of law. He merely relies upon Helvering v. Hallock, 309 U.S. 106, and argues *218 that that case places no limitation upon the remoteness of the contingency whereby the grantor would regain the corpus and that the transfer here is includible in gross income, even though the possibility of reverter arises only by operation of law. He recognizes the fact that the views of this Court are opposed to his contention. In the light of the fact that there is no provision in the trust instrument for reversion or possibility of reverter to the decedent or his estate, we think that the recent decision in Fidelity-Philadelphia Trust Co. et al., Executors of Estate of Anna C. Stinson, v. Rothensies, 142 Fed. (2d) 838 by the Circuit Court of Appeals for the Third Circuit, does not here apply. Though Estate of Horatio Gates Lloyd v. Commissioner, 141 Fed. (2d) 758, does contain certain language with reference to a possibility of reverter by operation of law, the trust instrument in that case did contain language providing for possibility of reversion to the decedent, or his legal representative, so the case may not be considered to govern here. Estate of Ellen Portia Conger Goodyear, 2 T.C. 885, *219 in our opinion furnishes the proper rule in the instant case, for there, as here, there was extremely remote possibility by operation of law, upon failure of beneficiaries, the decedent or his estate might take. The authorities are collected in that case and need not be cited here. We hold that the trust instrument in question did not make a transfer "intended to take effect in possession or enjoyment at or after his death," within the language of section 811 (c) of the Internal Revenue Code. Because of other issues to be disposed of under Rule 50, as stipulated by the parties, Decision will be entered under Rule 50. Footnotes
1. SEC. 811. GROSS ESTATE. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States - * * * * *
(c) Transfers in Contemplation of, or Taking Effect at Death. - To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death. * * *↩